UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:00-CR-00002-1 |
| v. ) | |
| ) | JUDGE TRAUGER |
| R.V. YOUNG ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)(i)**

This case is before the court on defendant Young's motion seeking a reduced sentence pursuant to Section 603(b) of the First Step Act. The United States opposes the motion.

## Procedural Background

In February 2000, defendant was indicted for five bank robberies that occurred in the Middle District of Tennessee between 1997 and 1998. (Presentence Report (PSR) at ¶ 13-19, 86. In July 2000, after a three-day jury trial, defendant was sentenced to ninety-two years in prison. For more than nine years after sentencing, defendant litigated multiple post-conviction motions and claims, including *pro se* motions to the Sixth Circuit asserting ineffective assistance of counsel under 28 U.S.C. § 2255.

Defendant's direct appeal to the Sixth Circuit was denied, as was his *pro se* motion under 28 U.S.C. § 2255 seeking to set aside his convictions based upon claims of ineffective assistance of counsel. In October 2012 defendant's Petition for Writ of Cert was denied by the Supreme Court. In September 2019, defendant filed a motion under the First Step Act of 2018 seeking immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides for compassionate release in extraordinary and compelling circumstances.

1

## Legal Background

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Defendant argues that his sentence may be reduced under 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> " . . .the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted [administrative remedies], may reduce the term of imprisonment ... if it finds that [ ] extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. "

## The First Step Act and Compassionate Release

Until recently, only the Director of the Bureau of Prisons ("BOP") could move for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). Under prior law, the BOP controlled whether an inmate could get relief, because a court could not act unless the Director of BOP first filed the necessary motion. See, e.g., *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (petitioner not entitled to compassionate release absent motion from BOP Director); *Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991) (district court cannot review BOP's refusal to file motion for release); *Salvagno v. Dir., Bureau of Prisons*, No. 3:17cv318 (MPS), 2017 WL 5159214 (D. Conn. Nov. 7, 2017) (extensive discussion of case law).

Passage of the First Step Act has enabled a defendant to file a motion for compassionate release directly with the sentencing court, provided that he first exhausts administrative remedies with the BOP. After the exhaustion requirement is satisfied, a district court may reduce a defendant's sentence if the defendant can show that: (1) extraordinary and compelling

2

circumstances warrant a reduction; and (2) a reduction would be consistent with applicable Sentencing Commission policy.  See First Step Act, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

## The Sentencing Commission Policy Statement

Prior to passage of the First Step Act, the Sentencing Commission issued a policy statement with regard to compassionate release, which is found in U.S.S.G. § 1B1.13, and the accompanying Application Notes.   The Sentencing Commission policy statement provides that extraordinary and compelling reasons for a sentence reduction exist under the following circumstances:

Application Notes:

1. Extraordinary and Compelling Reasons:

(A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)....

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

3

(B) Age of the Defendant — The defendant: (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

See U.S.S.G. § 1B1.13, A.N. 1 ("Application Note 1"). See *United States v. Morgan*, No. 14-cr-329 JCM (GWF), 2019 WL 1427538, at *2 (D. Nev. Mar. 29, 2019); see also 28 U.S.C. § 994(a)(2)(C) (authorizing the Sentencing Commission to promulgate policy statement regarding 18 U.S.C. § 3582(c)).

The Sentencing Commission's policy statement has not been amended to reflect that, under the First Step Act, a defendant may now move for compassionate release after exhausting administrative remedies. Thus, while the Sentencing Commission's policy statement might provide helpful guidance on the factors that support compassionate release, it is not ultimately

4

conclusive given the statutory change." See *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, *3 (D. Me. July 11, 2019).

## Argument

### There are no Compelling and Extraordinary Reasons Presented

Defendant's motion seeks compassionate release based on "compelling and extraordinary reasons" as described in U.S.S.G. § 1B1.13, Application Note 1, subdivision A (ii). However, the evidence offered by defendant does not reach the level of compelling or extraordinary, and his motion should be denied. Medical records presented by defendant confirm that he has been and continues to be treated with prescription medicine for various age-relate medical issues, including daily shots each day for diabetes and daily medication for cholesterol (hyperlipidemia) and high-blood pressure (hypertension). Defendant's medical records show that his treatment is current and on-going. His most pressing medical issues appear to be ongoing treatment for Stage 2 chronic kidney disease and cataracts in both of his eyes. Each of his medical issues appear to have been properly treated by medical professionals.

While defendant's medical conditions are aggravating and sometimes frustrating, they mostly appear to be age related and do not rise to the level of life threatening conditions. Each ache and pain complained of by the defendant can be treated at the prison by BOP physicians.

While Congress never defined what constitutes an "extraordinary and compelling reason", it's clear that under prior law, in assessing the merits of an inmate's motion for compassionate release under Section 3582(c)(1)(A), the court's ultimate decision must be "consistent with applicable policy statements issued by the Sentencing Commission." Some insight comes from 28 U.S.C. § 994(t), which provides: "The Commission, in promulgating general policy

5

statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Accordingly, the policy statement of the Commission is binding on the court. See *Dillon v. United States*, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).

The defendant's assertions do not provide a basis for a finding that his various medical conditions meet the requirements of subdivision (A) of Application Note 1 (U.S.S.G. § 1B1.13).

- i) He is not suffering from a terminal illness;
- ii) He is not suffering from a serious physical or medical condition;
- iii) He is not suffering from a serious functional or cognitive impairment;
- iv) He does not seem to be in deteriorating physical or mental health;
- v) He is able to provide self-care.

While defendant complains of needing daily shots for diabetes and daily medication for cholesterol (hyperlipidemia) and high-blood pressure (hypertension), such medical issues are not extraordinary and compelling reasons to justify compassionate release. His medical issues are treatable by prison medical staff.

In all of the above, medical records submitted as exhibits to defendant's motion show that defendant's medical condition has been stable. The records do not support a finding that his

6

condition is so debilitating as to substantially diminish his ability to provide self-care.  See *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (denying motion for compassionate release by defendant who was legally blind and had osteoarthritis in both knees but did not require assistance with daily activities).

Under the First Step Act, a court may reduce a sentence even if the BOP opposes the reduction. However, under the First Step Act, the court still must find that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Such a reduction in this case, based on compassionate release, would not be consistent with applicable policy statements issued by the Sentencing Commission.

## Conclusion

For these reasons, the United States opposes defendant's motion for compassionate release.

DONALD Q. COCHRAN
United States Attorney

BY s/ John K. Webb
John K. Webb
Assistant U. S. Attorney
ll0 9th Avenue South, A96l
Nashville, Tennessee 37203
Phone: 6l5-736-5l5l

7

Case 2:00-cr-00002   Document 94   Filed 01/20/20   Page 7 of 8 PageID #: 317

CERTIFICATE OF SERVICE

    I hereby certify that on January 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record:

    Michael C. Holley
    Federal Public Defender's Office (MDTN)
    810 Broadway
    Suite 200
    Nashville, TN 37203

                                      /s/ John K. Webb
                                      Assistant United States Attorney